IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

## STATE OF TENNESSEE v. RICKY FLAMINGO BROWN

**Appeal from the Criminal Court for Davidson County**
**No. 86-F-1484     Cheryl Blackburn, Judge**

_____

**No. M2015-01754-CCA-R3-CD – Filed March 15, 2016**

_____

The defendant, Ricky Flamingo Brown, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Because the grounds for relief raised by the defendant have been previously determined and because the defendant failed to state cognizable grounds for relief under Rule 36.1, the interests of justice do not require the waiver of the timely filing of the notice of appeal in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Ricky Flamingo Brown, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In August 1987, a Davidson County Criminal Court jury convicted the defendant of the aggravated rape of his 12-year-old daughter. *See Ricky Flamingo Brown v. State*, No. M2007-00158-CCA-R3-HC, slip op. at 1-4 (Tenn. Crim. App., Nashville, Feb. 11, 2008) (affirming the denial of a previous habeas corpus petition and detailing the procedural history of the conviction), *perm. app. denied* (Tenn. Aug. 25, 2008). The defendant escaped from custody following the trial and was sentenced *in absentia* to a life sentence for his Class X felony conviction. The defendant finally began service of his life sentence following his 1990 apprehension. It was at that point that the petitioner commenced a more than two-decade siege against his conviction and sentence. *See Ricky*

*Flamingo Brown v. State*, No. M2009-02056-CCA-R3-HC, slip op. at 1-2 (Tenn. Crim. App. Oct. 22, 2010) (detailing the defendant's many unsuccessful attempts to assail his convictions); *see also Ricky Flamingo Brown v. State*, No. M2007-00158-CCA-R3-HC, slip op. at 2 (Tenn. Crim. App., Nashville, Feb. 11, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008) (noting that this court had "encountered some difficulty in determining exactly how many collateral writs and appeals the [defendant] has pursued").

On January 12, 2015, the defendant filed in the Davidson County Criminal Court a Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The type-written motion itself, as the State points out, is barely legible. We glean, however, that the defendant contends that his life sentence is illegal because the trial court failed to place on the record the enhancement factors that it relied on to reach that sentence, because he lacked the requisite number of prior convictions to qualify as a Range II offender, because the State failed to file a notice of enhancement factors prior to the sentencing hearing, and because the trial court imposed the sentence after making factual findings more properly made by a jury. He also claimed entitlement to relief on the basis that Tennessee Rule of Criminal Procedure 43, regarding the presence of the defendant, is unconstitutional. Finally, the defendant, claiming that he did not, in fact, escape from custody but was instead "erroneously released through no fault of his own," argued that he should have been given "credit for time at liberty." The trial court summarily dismissed the motion on July 20, 2015, finding that the defendant had failed to state a cognizable ground for relief under the terms of Rule 36.1.

The defendant filed an untimely notice of appeal of the trial court's order on September 8, 2015, more than 30 days following his receipt of the trial court's July 20, 2015 order. The original notice of appeal document, like the original motion filed in this case, is barely legible. The appellant refers to his filing a motion to reconsider the summary dismissal, but no such motion appears in the record on appeal. Moreover, the filing of a motion to reconsider does not toll the time for filing a notice of appeal in this court. *See* Tenn. R. App. P. 4(c) ("In a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or (5) under Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition."). In criminal cases, however, the notice of appeal document is not jurisdictional and may be waived by this court in the interests of justice. Tenn. R. App. P. 4. For the reasons set forth more fully below, the interests of justice do not require the waiver of the timely filing of the notice of appeal in this case.

As indicated above, the defendant has mounted every conceivable attack upon his conviction and sentence in this case. In the past 25 years, he has filed more than one of every form of collateral attack available under the law, raising dozens of possible claims for relief. It is not surprising, then, that the claims raised in his most recent Rule 36.1 motion are identical to claims previously considered and rejected by this court. *See, e.g.*, *Ricky Flamingo Brown*, No. M2007-00158-CCA-R3-HC, slip op. at 4-5 ("On appeal, the [p]etitioner raises the following issues: (1) he was sentenced by the trial court in contravention of existing law because the trial court failed to place on the record the factual basis for the sentence; (2) he was sentenced improperly because the State did not prove he was a persistent offender; (3) the State failed to properly comply with the requirements associated with the sought after enhanced punishment; and (4) he was denied Sixth Amendment rights by being sentenced in contravention of the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)."). Rule 36.1 may not be used to relitigate those issues that have been previously determined.

Moreover, the defendant's claims, even if true, would not entitle him to Rule 36.1 relief. Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.*; *see also State v. James D. Wooden*, ___ S.W.3d ___, No. E2014-01069-SC-R11-CD, slip op. at 11 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, ___ S.W.3d at ___, slip op. at 10, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, ___ S.W.3d at ___, slip op. at 9. None of the claims presented, even if true, would establish that the defendant's sentence was not authorized at the time of his conviction or was imposed in contravention of any statute.

Because the defendant's claims have been previously determined and, in any event, are not cognizable in a Rule 36.1 proceeding, the interests of justice do not require that we waive the timely filing of the notice of appeal in this case. Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE